## United States v. Fortunys

**No. 4480.**—Invoice dated London, England, May 30, 1938.
　　　　　　Entered at New York June 16, 1938.
　　　　　　Entry No. 865607.

(Decided December 22, 1938)

*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the plaintiff.
Defendant not represented by counsel.

KINCHELOE, Judge: This is an appeal to reappraisement by the collector of customs from a finding of value by the United States appraiser at the port of New York on a certain importation of books from London, England.

At the trial of the case counsel for the plaintiff stated that there is no dispute concerning the *per se* unit values of the merchandise; that the sole question involved is one of discount. On entry the importer deducted discounts of 50 per centum and 25 per centum, which the appraiser allowed. It is the contention of the Government in this case that the proper discount is 33⅓ per centum.

In support of its contention, plaintiff offered in evidence a special agent's report, executed by Charles R. Howard, assistant Treasury attaché, with catalog and pricelist attached, which was received in

evidence, without objection, as Collective Exhibit 1. This report refers to transactions between the manufacturer and exporter of these books, Thorsons Publishers, Ltd., of London, England, and the importer herein, Fortunys, and it is based upon information received from the managing director of the exporting firm, and a personal examination of its books by the Treasury attaché who prepared the report.

The report states that the relationship between the exporter and the importer is that of buyer and seller; that the importer herein is the sole United States representative of the exporter; that the said exporter will not sell its publications to any other book dealer in the United States, but is free to sell its publications to the Health Food Distributors and other health food stores. Said assistant Treasury attaché further reports that this importer—

has agreed to list the books of the manufacturer and use every effort to stimulate the sale of same and for this service the manufacturer has agreed to allow discounts of 50% and 25% off list prices provided minimum quantities of 200 copies of each book are ordered by the importer.

He also states that "identical merchandise is sold in the home market." But at this point, I believe it very material to the case to state that at the beginning thereof the report states:

*Merchandise:*
The book in question is entitled "Foot Comfort and Efficiency." This book was published first in March, 1938.

The report is dated September 30, 1938, and refers to a *pro forma* invoice dated June 29, 1938. The appeal before me relates to a shipment of books entitled, "The Cure of Stammering, Stuttering and Other Functional Speech Disorders," covered by an invoice dated May 30, 1938.

It is also observed that the information contained in the special agent's report, part of Collective Exhibit 1 in this case, relating to sales, such as pricelists and actual sales, has reference to eight different books, none of which is the particular book covered by the shipment in question. As a matter of fact, all of the books mentioned in said report appear to relate to subject matter entirely different from the book in question. In other words, nowhere in the report itself, offered by the plaintiff, is this identical book, the dutiable value of which I must determine, referred to.

Said assistant Treasury attaché further states that the manufacturer has two classes of customers, retail merchants and wholesale merchants; that there are six wholesale merchant customers and several hundred retail merchants; that the majority of sales made in the home market are to retail merchants at one discount of 33⅓ per centum off list prices, which is the usual and freely offered trade discount. He also states that the usual wholesale quantity sold in

the home market is one to six copies, which is a mere statement of said assistant Treasury attaché based on no probative evidence whatever to support same. Under the caption "Special Discounts," it is further stated in the report that a wholesale customer receives special discounts of 50 per centum and 25 per centum off list prices with the understanding that he will render to the manufacturer special services, such as displaying his books prominently in shops or in stalls or giving extensive advertising to said books.

Whether or not the statements contained in this special agent's report apply with equal force to the particular book covered by the shipment the subject of this appeal to reappraisement is not disclosed. As previously stated, the report makes no reference to it. Nor did counsel for the plaintiff examine the witness for the importer who appeared at the trial to show that this is such or similar merchandise to that toward which the report is specifically directed. In the absence of positive proof to establish that it is such or similar merchandise, within the tariff meaning, I am unable to make such finding.

The witness who appeared on behalf of the defendant, one Carlo M. Flumiani, contradicted the report of the special agent to the extent that he testified that he renders no special services to the manufacturer; that the discounts of 50 per centum and 25 per centum he received on this shipment were without any agreement that he would render special services to the manufacturer and without any understanding that he would be the sole representative of the manufacturer in the United States.

It must be borne in mind that this appeal for reappraisement is a collector's appeal. This being true, that part of section 501 of the Tariff Act of 1930, providing in substance that the value found by the appraiser shall be presumed to be the value of the merchandise and that the burden shall rest upon the party who challenges its correctness to prove otherwise, is just as binding in a reappraisement case on a collector's appeal as it is on an importer's appeal.

After carefully considering the record before me I am of the opinion, and so hold, that the plaintiff has not met the burden placed upon it in this case; nor has it produced sufficient probative evidence to overcome the presumption of correctness attaching to the appraiser's finding of value in the appraisement of the instant merchandise.

I, therefore, find that the appraised value is the proper dutiable value of this merchandise. Judgment will be rendered accordingly.